

RECEIVED MAR 2 8 2017 DISTRICT OF COLUMBIA COURT OF APPEALS



FILED MAR 2 8 2017 DISTRICT OF COLUMBIA COURT OF APPEALS

IN THE COURT OF APPEALS FOR THE

DISTRICT OF COLUMBIA

TOUSSAINT KIRKLAND,

    Petitioner/Appellant,

V.

UNITED STATES OF AMERICA,

    Respondent/Appellee.

No. 14-CF-0616

**ORIGINAL**

## MOTION TO RECALL MANDATE

Comes, now, Petitioner/Appellant, Toussaint Kirkland, pro se, respectfully moving this honorable court for an order recalling the mandate in the above captioned case. In support of this motion, Petitioner states as follows:

### CLAIM ONE

APPELLATE COUNSEL WILLIAM L. WELCH WAS INEFFECTIVE FOR FAILING TO HIGHLIGHT FACTS THAT COULD HAVE CHANGED THE OUTCOME OF THE DIRECT APPEAL.

FACTS:

Petitioner raised an Ineffective Assistance of Counsel claim against his trial attorney Khadijah Ali for failing to relay a plea offer to him. The Superior Court denied the motion based on conflicting testimony from Ms. Ali and her paralegal. Specifically, the court relied heavily on the testimony of Ms. Ali's paralegal, who testified that she was present when Ms. Ali informed the petitioner of the  post-indictment. plea offer.

On direct appeal, Petitioner, then represented by William L. Welch, argued that the Superior Court erred in giving credence to the conflicting testimony of Ms. Ali and her paralegal. This court, however, affirmed the Superior Court's decision, stating that the Superior court judge was entitled to credence to the attorney and paralegal's testimony over that of the Petitioner.

ARGUMENT:

A motion to recall the mandate will be granted when the claim of ineffective assistance of counsel is found the court to have sufficient merit to justify the recall. Stratmon v. United States, App. D.C. 631 A.2d 1177 (1993).

Appellate counsel William L. Welch was ineffective because he failed to point out facts that could have changed the court's opinion. Specifically, he failed to point out that the paralegal provided no testimony or evidence proving that Attorney Khadijah Ali informed Petitioner of the pre-indictment plea offer. The court, as well as the paralegal's testimony, focused on the post-indictment plea offer; whereas, Petitioner argued that his attorney failed to inform him of the pre-indictment plea offer.

Clearly, the record reveals that the paralegal was not around when the pre-indictment plea offer was presented to Ms. Ali, nor was she around when counsel allegedly relayed it to Petitioner. Giving the fact that counsel, Ms. Ali, wasn't credulous as to how or when she allegedly informed Petitioner of the plea (i.e., she provided conflicting testimony), it is highly likely that this court's decision rested mostly on the testimony of the paralegal. Had appellate counsel pointed out that the paralegal's testimony

-2-

referred only to the post-indictment plea offer, this court might have had a different opinion in regards to whether Petitioner was adequately notified and informed of the **pre-indictment** plea offer.

Furthermore, Appellate counsel failed to point out another fact that could have changed the outcome of this court's opinion, a fact that clearly proves that Attorney Ali could not have adequately informed Petitioner of the pre-indictment plea offer. The record clearly reveals that she did not inform him via phone calls, and that she did not meet with him in person until January 25, 2011. However, on January 24, 2011, she emailed the prosecutor and stated that Petitioner did not wish to accept the plea. (See Exhibit I.) Given the fact that Attorney Ali did not communicate with Petitioner in person until January 25, 2011, it was utterly impossible for him to have denied a plea offer on or before January 24, 2011. Appellate counsel was ineffective in failing to point out this contradiction, for this could have changed this court's opinion deferring to the Superior Court's fact findings.

Either Appellate counsel was ineffective by failing to point out crucial discrepancies, or this court erred in deferring the Superior Court's finding of facts. For either reason, Petitioner prays that the mandate be recalled.

## CLAIM TWO

### APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING
### TO ARGUE THAT PETITIONER'S PLEA WAS INVOLUNTARY

Facts:

During the change of plea and sentencing hearings, Petitioner

expressed confusion and uncertainty as to the elements of the offense and whether he wanted to plead guilty to such charge. He repeatedly stated that he did not have the requisite intent for the elements of aggravated assault while armed (D.C. Code §§22-404 & 4502). He specifically stated that he did not intend to assault the victim with his vehical and that, instead, he was simply trying to flee the scene after "smooshing" the victim, who tried to assault him upon seeing him with another woman. Clearly, the Petitioner did not believe or agree that he acted with specific intent rather than recklessness. Thus, his conduct did not satisfy elements of the plea, nor did he understand such elements, which makes such plea involuntary.

Appellate counsel was ineffective by failing to raise this claim.

## CONCLUSION

Petitioner ask that this court liberally construe this pleading and/or appoint counsel to assist him. He is untrained in the law and without transcripts or documents to help clarify his claims. He also prays that this court grant his motion to recall the mandate.

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2017 a copy of this motion was delivered to the prison mailroom to be mailed to Mr. Christopher R. Howland, United States Attorney's Office, 555 Fourth Street, NW, Washington, DC 20530.

07912-007

Toussaint Kirkland

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Cody Pensyl, Notary Public
Waymart Boro, Wayne County
My Commission Expires March 23, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Cody Pensyl, Notary Public
Waymart Boro, Wayne County
My Commission Expires March 23, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

3-22-17